IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:08-cv-4040 |
| | ) | |
| Resource Technology Corporation, | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| | ) | Appeal from Bankruptcy |
| | ) | Case No. 99 B 35434 |
| Debtor. | ) | Hon. Eugene R. Wedoff |

## MOTION FOR REASSIGNMENT

Defendant-Appellee Jay A. Steinberg, not individually but solely as Chapter 7 Trustee (the "Chapter 7 Trustee") for the Estate of Resource Technology Corporation (the "Estate"), by and through his counsel, Greenberg Traurig LLP, moves this Court pursuant to Local Rule 40.3.1 of the Northern District of Illinois to reassign this appeal to the Honorable Matthew F. Kennelly. In support of his motion, the Chapter 7 Trustee states:

### BACKGROUND

1.  This matter comes before the Court on appeal from a Chapter 7 proceeding in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re: Resources Technology Corporation*, Case No. 99 B 35434 (the "Bankruptcy Proceeding").

2.  Appellant Chiplease, Inc. ("Chiplease") appeals under 28 U.S.C. § 158(a)(1) from the Bankruptcy Court's Order on Chapter 7 Administrative Claimant's Motion for Entry of Order Requiring Chiplease, Inc. to Post Security, entered on June 25, 2008 (Bankruptcy Proceeding, D.I. No. 4318). The appeal was docketed as Case No. 1:08-cv-4040, and was assigned to the Honorable Rebecca R. Pallmeyer.

3. There are seventeen other appeals reflected on the docket sheet in the Bankruptcy Proceeding, all of which were brought pursuant to 28 U.S.C. § 158(a)(1), and all of which were filed prior to the present appeal. The seventeen other appeals are:

- *In re Resource Tech. Corp.*, 1:03-cv-05785;
- *Szilagyi v. Greenblatt*, 1:04-cv-04505;
- *Szilagyi v. Greenblatt*, 1:04-cv-07389;
- *Szilagyi v. Greenblatt*, 1:04-cv-08237;
- *In re Resource Tech. Corp.*, 1:05-cv-01508;
- *Greenblatt v. Resource Tech. Corp.*, 1:05-cv-07167;
- *Banco Panamericano, Inc. v. Steinberg*, 1:05-cv-00892;
- *Chiplease, Inc. v. Steinberg*, 1:06-cv-05541;
- *Steinberg v. City of Corpus Christi*, 1:06-cv-07153;
- *Chiplease, Inc. v. City of Corpus Christi*, 1:06-cv-07154;
- *Ungaretti & Harris, LLP v. Steinberg*, 1:07-cv-1292, 1:07-cv-1293 (consolidated);
- *Illinois Investment Trust No. 92-7163 v. American Grading Co.*, 1:07-cv-03268;
- *In re Resource Tech. Corp.*, 1:08-cv-2425, 1:08-cv-2426; 1:08-cv-2428 (consolidated);
- *In re Resource Tech. Corp.* (not yet assigned; Notice of Appeal by Ungaretti & Harris, LLP filed June 26, 2008, D.I. No. 4319);

4. Sixteen of the seventeen other appeals in the Bankruptcy Proceeding were assigned or reassigned to the Honorable Matthew F. Kennelly, in accordance with Local Rule 40.3.1. The seventeenth has not yet been assigned.

## ARGUMENT

5. Local Rule 40.3.1 of the Northern District of Illinois provides, in relevant part:

**LR 40.3.1 Assignments Involving Bankruptcy**

**(a) Referral to Bankruptcy Judges.** Pursuant to 28 U.S.C. §157(a), all cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to any cases under Title 11 U.S.C. are referred to the bankruptcy judges of this District.

**(b) Assignment by Lot.** Except as provided by sections (c) and (d), each of the following items shall be assigned by lot to a district judge:

\* \* \*

(3) appeals pursuant to 28 U.S.C. §158(a)(1);

\* \* \*

All such assignments shall be made using the Civil II assignment category, except that objections to proposed findings and conclusions shall be assigned using the Civil III assignment category. The clerk is directed to assign a case so designated to the judge on whose calendar the previously filed case was assigned.

**(c) Direct assignment for rehearing.** Whenever there is activity in bankruptcy court following a district judge's consideration of any of the items described in section (b), any subsequent proceedings in the district court involving that item shall be assigned to the district judge who considered the item initially.

**(d) Relatedness.** The provisions of LR 40.4 are applicable to the items described in section (b).

6. There have been seventeen other appeals from the Bankruptcy Proceeding, all of which were filed before the present appeal. Sixteen of the seventeen appeals were assigned or reassigned to Judge Kennelly, and the last remains unassigned. Accordingly, pursuant to Local Rule 40.3.1(b), the Clerk should have assigned the present appeals to the judge on whose calendar the sixteen other appeals were assigned, which was Judge Kennelly. Moreover, in accordance with Local Rule 40.3.1(c), the present Section 158(a)(1) appeal should have been assigned to the same judge who considered the initial Section 158(a)(1) appeal from the Bankruptcy Proceeding, which again was Judge Kennelly. In short, the assignment of the present appeal to Judge Pallmeyer rather than Judge Kennelly does not conform with Local Rule 40.3.1.

The Chapter 7 Trustee requests that this Court correct the error by reassigning this appeal to Judge Kennelly.

7.      Reassignment of the present appeal to Judge Kennelly not only conforms with Local Rule 40.3.1, it also promotes judicial efficiency and economy. Having previously presided over and ruled upon all other appeals in the Bankruptcy Proceeding, Judge Kennelly is well acquainted with the facts, procedural history, and legal issues arising in the case. Reassignment of this appeal to Judge Kennelly therefore avoids the inefficiency and expense of familiarizing this Court with the history of a nine year old bankruptcy proceeding whose docket sheet alone contains more than 4,350 entries. It is logical and reasonable to reassign this appeal to the District Court judge most familiar with the history and facts of the Bankruptcy Proceeding.

WHEREFORE, Jay A. Steinberg, not individually but solely as Chapter 7 Trustee, respectfully requests that this Court enter an Order: (1) reassigning this case to the Honorable Matthew F. Kennelly; and (2) granting such other and further relief as the Court deems necessary and appropriate. A proposed Order is included with this Motion as **Exhibit 1**.

Dated: July 22, 2008

**Jay A. Steinberg, not individually but solely as Chapter 7 Trustee for Resource Technology Corporation**

By:     /s Gregory E. Ostfeld
_____
James G. Richmond
Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400

*CHI 57,366,237v1 7-22-08*

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 1:08-cv-4040 |
| | ) | |
| Resource Technology Corporation, | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| | ) | Appeal from Bankruptcy |
| | ) | Case No. 99 B 35434 |
| Debtor. | ) | Hon. Eugene R. Wedoff |

## **ORDER**

This matter coming on the Chapter 7 Trustee's Motion for Reassignment, IT IS HEREBY ORDERED:

1.	The Court GRANTS the Motion for Reassignment.

2.	This case is reassigned to Judge Matthew F. Kennelly.

Dated:  January ___, 2008	_____
	Judge Presiding