IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                )
                                      )
RESOURCE TECHNOLOGY                   )
CORPORATION,                          )        Case No. 08 C 4040
                                      )
                   Debtor.            )        Hon. Matthew F. Kennelly
                                      )

### THE ESTATE'S RESPONSE TO CHIPLEASE INC.'S MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, TO EXTEND STAY PENDING APPEAL OF BANKRUPTCY COURT ORDER

The Estate of Resource Technology Corporation (the "Estate"), by and through Jay A. Steinberg, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the Estate, submits this Response to Chiplease's Motion to Reconsider or, in the Alternative, to Extend Stay Pending Appeal of Bankruptcy Court Order (the "Motion") as follows.

There is no basis whatsoever for this Court to stay its July 18, 2008 Order (the "July 18 Order") pending Chiplease's appeal. The July 18 Order required Chiplease to pay $500,000.00 into an escrow account set up at the office of its counsel, Much Shelist Denenberg Ament & Rubinstein, P.C., on or before July 24, 2008. The Court should deny the Motion and require Chiplease to deliver the $500,000.00 payment immediately.

As this Court well knows, this case has a long history of appeals from the Bankruptcy Court. Because there are two appeals pending, a brief history of the events leading to the July 18 Order may be helpful to the Court.

On April 17, 2008, two of the Chapter 7 Administrative Expense Claimants, American Grading Co. and Congress Development Co., filed their motion for the entry

of an order requiring Chiplease to post security (the "Security Motion").  The motion argued that Chiplease's financial position compelled the posting of additional security beyond the $500,000.00 which Chiplease was required to deposit by the March, 2006 settlement agreement and Order approving the settlement involving the Estate and Chiplease.  The Security Motion sought the posting of security in the amount of $5,000,000.00.

After the filing of the Security Motion, Chiplease's counsel, Gregory Jordan and Peter Schmidt of the Polsinelli firm, withdrew from their representation of Chiplease. Louis Bernstein and Colleen McManus of the Much Shelist firm appeared on Chiplease's behalf.  As a result of the change in law firms, the Trustee requested an accounting of funds received into the escrow.  The response of Chiplease counsel raised a suspicion that the $500,000.00 escrow had not been established, notwithstanding the Estate's good faith belief to the contrary.

On June 3, 2008, both the Estate and Chiplease filed their responses to the Security Motion.  The Chiplease response acknowledged that Chiplease had not deposited the $500,000.00 required by the settlement agreement and Order.  Chiplease also took the position that it should not have to establish the $500,000.00 escrow because it had already paid Chapter 7 Operating Expenses in excess of $500,000.00.

On June 17, 2008, the Court heard argument on the Motion and indicated that Chiplease had to deposit $500,000.00 in escrow at the office of the Estate's counsel, Arnstein & Lehr LLP.  The Court also indicated that interest was appropriate.  The parties were to return with a draft order.  On June 24, 2008, Chiplease filed an affidavit of John Connolly in opposition to the Security Motion, even though the Court had

already indicated how it would rule. The parties could not agree on the form of an order, so the parties had to appear on the draft order to follow call set for June 25, 2008. The Court entered the June 25 Order that day. The June 25 Order required Chiplease to deposit the amount of $547,367.47, consisting of the original escrow amount of $500,000.00 plus interest in the amount of $47,367.47, in an escrow account to be maintained by the Trustee on or before July 17, 2008. A copy of the June 25 Order is attached as Exhibit A.

Chiplease then appealed and filed an emergency motion for stay pending appeal of the June 25 Order. After a lengthy hearing on July 17, 2008, this Court ruled that Chiplease had not sustained the burden necessary to grant a stay and entered the July 18 Order. A copy of the July 18 Order is attached as Exhibit B. The July 18 Order modified the June 25 Order in three respects: (1) it did not require Chiplease to deposit interest; (2) it permitted the deposit to be made at the office of Chiplease's counsel; and (3) it set the deposit date for July 24, 2008. The Motion seeks a modification of the July 18 Order, essentially because Chiplease does not have the money available to make the payment required by that Order.

Since this Court has already addressed the issue of whether a stay is appropriate, the only question here is whether Chiplease's plea for a delay in the payment date to September 15, 2008 is either warranted or appropriate. It is neither.

Though the Motion cites no law, the appropriate inquiry for the Court is that in which it already engaged at the July 17, 2008 hearing. In re Forty-Eight Insulations, 115 F.3d 1294, 1300 (7th Cir. 1997) sets forth the four factors a court must consider in determining whether to grant a stay pending appeal: "(1) whether the appellant is likely

3

to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury absent a stay; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest." The movant, in this case Chiplease, had the burden of establishing each of these elements. In re Doctors Hosp. of Hyde Park, 376 B.R. 242, 246 (Bankr. N.D. Ill. 2007).

The Motion is really seeking reconsideration of the second factor, whether Chiplease will suffer irreparable injury absent a stay. Chiplease argued in its emergency motion and the July 17, 2008 hearing on that motion that the deposit of the escrow money would be a financial burden. The Estate, in its response, pointed out that the financial ability of the party to pay is not a factor in deciding irreparable harm. Chiplease agreed to deposit the $500,000.00 back in March, 2006, nearly two and a half years ago, failed to deposit that money, and now must deposit that money. By definition there cannot be irreparable harm. This Court has already held that it would not issue a stay on the bases under the caselaw, only one of which is irreparable injury, and should stand by that ruling.

Further, the argument Chiplease makes in the Motion is not availing. In essence, it argues that because Chiplease only generates revenue of $150,000.00 per month, it needs until September 15, 2008 to make the deposit. Chiplease neglects to address where the $150,000.00 per month has gone since March, 2006, or at the very least since February, 2008, the time of the testimony attached to the Motion. The $500,000.00 was supposed to have been in escrow. Chiplease's desire to put that money elsewhere does not serve as a basis for a delay in making the deposit required by the July 18 Order.

4

In the event the Court finds some merit in Chiplease's argument – and it should not – the Court should require the deposit of $300,000.00 immediately, $150,000.00 by August 31, 2008, and $50,000.00 by September 10, 2008. The immediate $300,000.00 payment is appropriate because it represents Chiplease's net income, at least according to the testimony in the transcript attached to the Motion, for June and July, 2008. The Bankruptcy Court first orally ruled that Chiplease was required to deposit the money in escrow on June 17, 2008, so an immediate deposit of the June and July net revenue is appropriate. The next $150,000.00 generated by Chiplease in August should be deposited by the end of August, 2008. The last $50,000.00, which is one-third of the monthly net revenue of Chiplease, should be deposited by September 10, 2008.

For the reasons set forth above, this Court should deny the Motion and require Chiplease to deposit the amount of $500,000.00 into an account at Much Shelist Denenberg Ament & Rubinstein, P.C. by 4:30 p.m. on July 24, 2008.

THE CHAPTER 7 ESTATE OF RESOURCE
TECHNOLOGY CORPORATION, BY AND
THROUGH JAY A. STEINBERG, NOT
INDIVIDUALLY BUT SOLELY IN HIS
CAPACITY AS CHAPTER 7 TRUSTEE

By:    /s/ George P. Apostolides

Barry A. Chatz
George P. Apostolides
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL  60606
(312) 876-7100
Fax: (312) 876-0288

James Richmond
Gregory Ostfeld
Greenberg Traurig LLP
77 W. Wacker Drive, Suite 2500
Chicago, IL  60601
(312) 456-8400
Fax: (312) 456-8435

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                      )
                                            )   Case No. 99 B 35434
RESOURCE TECHNOLOGY                         )   Chapter 7
CORPORATION,                                )
                                            )
                  Debtor.                   )   Hon. Eugene R. Wedoff

## ORDER ON CHAPTER 7 ADMINISTRATIVE EXPENSE CLAIMANTS' MOTION FOR ENTRY OF ORDER REQUIRING CHIPLEASE, INC. TO POST SECURITY

This matter having come before the Court on Chapter 7 Administrative Expense

Claimants' Motion for Entry of Order Requiring Chiplease, Inc. to Post Security (the "Motion");

due notice of the Motion having been to all parties entitled thereto, and all such parties having had

such opportunity for hearing as is appropriate under the circumstances of this case, the Court having

reviewed the motions and having heard the statements of counsel with respect thereto, and being

fully advised in the premises.

IT IS HEREBY ORDERED:

1.      The Motion is denied except as provided for herein.

2.      In accordance with Chiplease's obligations under paragraph 23 of the Settlement

Order (as defined in the Motion), Chiplease, Inc. shall, by no later than July 17, 2008, deliver

the amount of $547,367.47 (representing the original escrow amount of $500,000, plus

$47,367.47 in compound interest calculated at the rate of 4.2%) (the "Settlement Escrow") to the

Chapter 7 Trustee for deposit into an escrow account to be maintained by the Trustee in

accordance with the Settlement Order.

CHI 11504041 2

3.    The Trustee shall provide notice of receipt of the Settlement Escrow to counsel

for Congress Development Company and American Grading Company within five (5) business

days of receipt of the Settlement Escrow.

ENTER:    **2 5 JUN 2008**

_____

Hon. Eugene R. Wedoff
United States Bankruptcy Judge

2

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **RESOURCE TECHNOLOGY** | ) | |
| **CORPORATION,** | ) | **Case No. 08 C 4040** |
| | ) | |
| Debtor. | ) | |

## ORDER

This matter coming to be heard on Chiplease, Inc.'s Emergency Motion for Limited Stay Pending Appeal of Bankruptcy Court Order (the "Motion"), due notice having been given the parties, responses having been served on the Court by the Estate of Resource Technology Corporation, by its counsel, and American Grading Co. and Congress Development Co., by their counsel, and the Court having heard argument from the parties, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted in part for the reasons stated on the record;

2.    Chiplease, Inc. is ordered to deposit the sum of $500,000.00 in an interest-bearing account (the "Deposit") at the law firm of Much Shelist Denenberg Ament & Rubenstein, P.C. on or before July 24, 2008 at 4:30 p.m.;

3.    Chiplease, Inc. is to file a report under oath with both the Clerk of the United States Bankruptcy Court for the Northern District of Illinois and the Clerk of the United States District Court for the Northern District of Illinois on or before July 25, 2008 confirming that it has made the Deposit described in Paragraph 2;

4.    The Deposit is not to be disbursed without further order of either the United States Bankruptcy Court for the Northern District of Illinois or the United States District Court for the Northern District of Illinois;

5.    This matter is set for status on July 29, 2008 at 9:30 a.m. before Hon. Matthew F. Kennelly in Courtroom 2106, without further notice.

HON. MATTHEW F. KENNELLY

Date:  July 18, 2008