IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| RESOURCE TECHNOLOGY | ) | |
| CORPORATION, | ) | Case No. 08 C 4040 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR RULE TO SHOW CAUSE

The Estate of Resource Technology Corporation (the "Estate"), by and through Jay A. Steinberg, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the Estate, moves for a Rule to Show Cause against Chiplease, Inc. ("Chiplease") for its failure to abide by this Court's July 18, 2008 Order requiring the deposit of $500,000.00 into an interest-bearing account at the law firm of Much Shelist Denenberg Ament & Rubinstein on or before July 24, 2008 at 4:30 p.m. In support of this motion, the Estate states as follows:

 1. On March 16, 2006, the Bankruptcy Court entered the "Order Approving Settlement Between the Estate of Resource Technology Corporation and the Greenblatt Entities and Granting Further Relief" (the "Settlement Order"). The Settlement Order resolved various disputes, approved a settlement agreement (the "Settlement Agreement"), authorized the conveyance, designation, and abandonment of certain estate assets, approved a designation rights agreement, and authorized the disbursement of funds.

 2. Paragraph 23 of the Settlement Order states:

As more fully set forth in Paragraph 11 of the Settlement Agreement: (i) the Purchaser [Chiplease] shall deposit the sum of $500,000.00 to be held in escrow by its counsel, Dykema Gossett PLLC, for the payment of all unpaid Chapter 7 operating expenses above $150,000.00 and any

expenses incurred while the Estate continues to operate the Debtor's business.

3. On April 17, 2008, two of the Chapter 7 Administrative Expense Claimants, American Grading Co. and Congress Development Co., filed their motion for the entry of an order requiring Chiplease to post security (the "Security Motion").

4. After the Security Motion was filed, Chiplease's counsel, Gregory Jordan and Peter Schmidt of the Polsinelli firm, withdrew from their representation of Chiplease. Louis Bernstein and Colleen McManus of the Much Shelist firm appeared on Chiplease's behalf. As a result of the change in law firms, the Trustee requested an accounting of funds received into the escrow. The response of Chiplease counsel raised a suspicion that the $500,000.00 escrow had not been established, notwithstanding the Estate's good faith belief to the contrary.

5. After briefing and argument on the Security Motion, on June 25, 2008, the Bankruptcy Court entered an Order requiring Chiplease to make a deposit of $547,367.47 into escrow, representing the original $500,000.00 escrow plus interest of $47,367.47 in an account to be maintained by the Trustee.

6. Chiplease then filed its Notice of Appeal and a motion to stay enforcement of the June 25 Order before the Bankruptcy Court. The Bankruptcy Court denied that motion.

7. Chiplease then filed an Emergency Motion for Limited Stay Pending Appeal of Order on Motion to Compel Posting of Security. On July 18, 2008, this Court entered an Order (the "July 18 Order") granting that motion in part and requiring Chiplease to deposit the sum of $500,000.00 in an interest-bearing account at the law

firm of Much Shelist Denenberg Ament & Rubinstein, P.C. on or before July 24, 2008 at 4:30 p.m. A copy of the July 18 Order is attached as Exhibit A.

8. On July 21, 2008, Chiplease filed its Motion to Reconsider or, in the Alternative, to Extend Stay Pending Appeal. This motion attached testimony from the President of Chiplease, Leon Greenblatt, from February 2008 in which Mr. Greenblatt testified that Chiplease's net monthly income was $150,000.00. See relevant portion of transcript, attached as Exhibit B. This Court heard argument on that motion on July 24, 2008, and denied the Motion. The Court also considered the steps which would be taken in the event of non-compliance by Chiplease.

9. Chiplease failed to deposit the sum of $500,000.00 in an interest-bearing account at the law firm of Much Shelist Denenberg Ament & Rubinstein, P.C. on or before July 24, 2008 at 4:30 p.m, and thus is in violation of the July 18 Order.

10. This Court should enter an Order compelling Chiplease to show cause why it should not be held in contempt for violating this Court's July 18 Order.

11. For a party to be held in civil contempt, it must have violated an order which sets forth in detail an unequivocal command from the court. Tranzact Technologies v. 1Source Worldwide, 406 F.3d 851, 855 (7th Cir. 2005). Civil contempt sanctions are properly imposed for two reasons: "to compel compliance with a court order and to compensate the complainant for losses caused by contemptuous actions." Id. Courts have the discretion to award attorney's fees in contempt proceedings. Id.

12. Consistent with this Court's comments at the July 24, 2008 hearing, this Court should compel Chiplease to (1) produce documents showing its monthly revenue and expenses for the past twelve (12) months and (2) produce a corporate

representative at a hearing to explain the reason for its violation of this Court's Order, within fourteen (14) days.

WHEREFORE, The Estate of Resource Technology Corporation (the "Estate"), by and through Jay A. Steinberg, not individually but solely in his capacity as Chapter 7 Trustee requests that this Court enter an Order for a Rule to Show Cause which, consistent with this Court's comments at the July 24, 2008 hearing, compels Chiplease to (1) produce documents showing its monthly revenue and expenses for the past twelve (12) months and (2) produce a corporate representative at a hearing before this Court to explain the reason for its violation of this Court's Order, within fourteen (14) days.

                        THE CHAPTER 7 ESTATE OF RESOURCE TECHNOLOGY CORPORATION, BY AND THROUGH JAY A. STEINBERG, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE

                        By: /s/ George P. Apostolides

Barry A. Chatz
George P. Apostolides
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100
Fax: (312) 876-0288

4

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RESOURCE TECHNOLOGY ) | |
| CORPORATION, ) | Case No. 08 C 4040 |
| ) | |
| Debtor. ) | |

### ORDER

This matter coming to be heard on Chiplease, Inc.'s Emergency Motion for Limited Stay Pending Appeal of Bankruptcy Court Order (the "Motion"), due notice having been given the parties, responses having been served on the Court by the Estate of Resource Technology Corporation, by its counsel, and American Grading Co. and Congress Development Co., by their counsel, and the Court having heard argument from the parties, IT IS HEREBY ORDERED THAT:

1. The Motion is granted in part for the reasons stated on the record;

2. Chiplease, Inc. is ordered to deposit the sum of $500,000.00 in an interest-bearing account (the "Deposit") at the law firm of Much Shelist Denenberg Ament & Rubenstein, P.C. on or before July 24, 2008 at 4:30 p.m.;

3. Chiplease, Inc. is to file a report under oath with both the Clerk of the United States Bankruptcy Court for the Northern District of Illinois and the Clerk of the United States District Court for the Northern District of Illinois on or before July 25, 2008 confirming that it has made the Deposit described in Paragraph 2;

4. The Deposit is not to be disbursed without further order of either the United States Bankruptcy Court for the Northern District of Illinois or the United States District Court for the Northern District of Illinois;

5. This matter is set for status on July 29, 2008 at 9:30 a.m. before Hon. Matthew F. Kennelly in Courtroom 2106, without further notice.

_____
HON. MATTHEW F. KENNELLY

Date: July 18, 2008

# EXHIBIT B

```
          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION


Resource Technology Corporation,)   No. 99 B 35434
                                )   Chicago, Illinois
                                )   9:30 a.m.
                 Debtor.        )   February 13, 2008


          TRANSCRIPT OF PROCEEDINGS BEFORE THE
                HONORABLE EUGENE R. WEDOFF


APPEARANCES:


For the Trustee:              Mr. George Apostolides;


For IIT:                      Mr. Gregory Jordan;
                              Mr. Peter Schmidt;


For Allied:                   Mr. David Bohan;
                              Mr. Robert O'Meara;

For the City and County
of Peoria:                    Ms. Linda Kujaca;




Court Reporter:               Amy Doolin, CSR, RPR
                              U.S. Courthouse
                              219 South Dearborn
                              Room 661
                              Chicago, IL  60604.
```

1          THE COURT: Your next witness then,
2   Mr. Jordan.
3          MR. JORDAN: Leon Greenblatt.
4          (Witness sworn.)
5          MR. JORDAN: Your Honor, just to
6   clarify, because it became an issue at the NEC
7   deposition, Mr. Greenblatt actually does have an eye
8   condition, and he has difficulty with bright lights.
9   He had sunglasses on in court. He has taken them off
10  so he can testify. But that is the reason that Mr.
11  Greenblatt had his sunglasses on.
12         THE COURT: Okay. Go ahead.
13       LEON GREENBLATT, WITNESS, SWORN
14              DIRECT EXAMINATION
15  BY MR. JORDAN:
16    Q   Can you please state your name and spell
17  your last name for record.
18    A   Leon Greenblatt, G-r-e-e-n-b-l-a-t-t.
19    Q   Mr. Greenblatt, have you ever heard of
20  Illinois Investment number 92-7163?
21    A   Yes.
22    Q   It's my understanding that you have a
23  relationship with Chiplease, Inc.; is that correct?
24    A   Yes.
25    Q   And are you the sole director and officer

1   of Chiplease, Inc.?

2   A   Yes.

3   Q   And is Chiplease, Inc., a beneficiary of
4   the Illinois Investment Trust number 92-7163?

5   A   Yes.

6   Q   And it's my understanding that you're a
7   director and majority shareholder of Scattered
8   Corporation; is that correct?

9   A   I'm a director. I'm not a majority
10  shareholder.

11  Q   Okay. Are you agreeable to, as a director
12  of Scattered Corporation and as sole officer and
13  director of Chiplease, to transferring assets from
14  Illinois Investment Trust to a new corporation along
15  the lines that I outlined with the court a moment
16  ago?

17  A   That would be fine.

18          MS. KUJACA: Your Honor, I can't hear
19  the witness. Could we have him speak into the
20  microphone perhaps.

21          THE WITNESS: That would be fine.
22  BY MR. JORDAN:

23  Q   Mr. Greenblatt, what is the nature of
24  Chiplease's business?

25  A   Chiplease is a lender and lessor.

```
 1      Q    And can you tell me whether it has been a
 2 lender since at least 1999 or not?
 3      A    Yes.
 4      Q    Okay. And can you tell me whether it was a
 5 lender to Resource Technology Corporation?
 6      A    It was.
 7      Q    And at the time of the filing of the case,
 8 was it, along with you and Banco Panamericana, the
 9 sole secured lender?
10      A    Yes.
11      Q    Okay. Has it been a lessor since the year
12 2000 or not?
13      A    Yes.
14      Q    Okay. To whom is Chiplease a lessor?
15      A    Chiplease is a lessor to dry cleaning
16 shops.
17      Q    Okay. How long has it been a lessor to dry
18 cleaning shops?
19      A    Since its inception.
20      Q    How long has it -- I'm sorry.
21           Approximately how much are its current
22 assets?
23      A    About 15, 16 million.
24      Q    Now, yesterday in court Mr. Jahelka
25 testified with regard to a lawsuit relating to the
```

1   401 South Dearborn property. And I am wondering
2   whether you're aware of that lawsuit?
3       A   Yes.
4       Q   Okay. And can you tell me whether the
5   counter-parties to that contract sued for specific
6   performance or did they sue for something else?
7       A   They sued for specific performance.
8       Q   Have you ever heard of Gold Coast Realty,
9   LLC?
10      A   Yes.
11      Q   Who is that?
12      A   They are one of the plaintiffs or actually
13  defendants who filed a counter...
14      Q   Have you ever heard of 407 South Dearborn,
15  LLC?
16      A   Yes.
17      Q   Who are they?
18      A   Likewise, they are one of the plaintiffs in
19  the --
20      Q   And C&L Holdings, Inc., do you know who
21  that is?
22      A   Yes.
23      Q   Who is that?
24      A   They are a defendant in one of our
25  complaints against those other two parties.

1   Q   Okay. And do you know what the status of
2   those entities are at the current time?
3   A   They filed Chapter 7.
4   Q   Okay. Have you -- has 401 Dearborn owners
5   ever heard from the trustee in their cases?
6   A   Yes.
7   Q   And what was the purpose of that
8   communication?
9   A   They offered to settle the specific
10  performance suit for $10,000.
11  Q   Okay. Is that acceptable to the owners of
12  the 401 South Dearborn property?
13  A   No. We are just going to wait the 60 days.
14  Q   Okay. Approximately how much each month
15  does Chiplease receive from its loans and leases?
16  A   $150,000.
17  Q   Okay. And after expenses, what's the net
18  amount available to Chiplease to lend or what's
19  available after expenses?
20  A   That was after expenses.
21  Q   Oh, okay, $150,000 a month?
22  A   Yes.
23  Q   It's my understanding that Chiplease is a
24  party to a loan agreement with the trust; is that
25  correct?