UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-cv-4040 |
| | ) | Hon. Matthew F. Kennelly |
| RESOURCE TECHNOLOGY | ) | |
| CORPORATION, | ) | |
| | ) | Hearing:  Tues., Sept. 9, 2008 |
| Debtor. | ) | at 9:30 a.m. |

CHIPLEASE, INC.'S EMERGENCY MOTION TO STRIKE
REPLY OF CONGRESS AND AMERICAN GRADING

Chiplease, Inc. ("Chiplease"), by its undersigned attorneys, moves this Court on an emergency basis to strike portions of the reply (the "Reply") of Congress Development Corporation ("Congress") and American Grading Company ("AGC") as going beyond the scope of this Court's rule to show cause and duplicating another brief filed herein.

Introduction

On August 5, 2008, RTC's Chapter 7 trustee, Jay A. Steinberg (the "Trustee"), presented to this Court a motion for a rule to show cause why Chiplease should not be held in contempt for failing to deposit $500,000.00 in an interest-bearing account at Much Shelist no later than July 24, 2008.  This Court then entered a rule to show cause against Chiplease.  The Court set a briefing schedule for the Trustee and Chiplease regarding whether Chiplease should be found in contempt.

When counsel for Congress/AGC asked for time to file a brief in support of a contempt finding against Chiplease, this Court expressed skepticism about whether another brief would repeat the Trustee's position.  Counsel assured the Court that it would not.  On August 29, 2008,

the Trustee filed a reply brief in support of contempt against Chiplease, and AGC and Congress filed the Reply.

The instant motion is an emergency—and has not been served on 3 business days' notice—because the status hearing in this matter is September 9, 2008, and Chiplease will be prejudiced, and its rights potentially harmed, if the Court considers the immaterial, confusing portions of the Reply.

Applicable standard

Rule 12(f) provides that the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A motion to strike should be granted where the allegations being challenged are so unrelated to the claims as to be void of merit, unworthy of consideration, and thus, prejudicial. *Cumis Insurance Society, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). Allegations that simply do not apply to the case should be stricken. *Quintana v. Baca*, 233 F.R.D. 562, 565-66 (C.D. Cal. 2005). Prejudice results where the challenged allegation confuses the issues or places an undue burden on the responding party. *Id.; see also, VPHI, Inc. v. Natl. Educ. Training Group, Inc*., 1995 WL 51405 *3 (N.D. Ill.)

Argument

**A.     The Reply is redundant to the extent it repeats the Trustee's arguments.**

Point Three of the Reply is redundant. It argues that Chiplease is not in financial distress because prior testimony revealed its assets.[1] This point is identical to one of the Trustee's arguments in support of contempt. (*See* Trustee's reply at p. 5) The Court should not allow Congress and AGC to flood the record with repetitive arguments.

---

[1] Notably, in the transcripts that AGC/Congress cite, Mr. Greenblatt was not asked about Chiplease's liabilities.

**B.    The Reply is impertinent and prejudicial in that it makes allegations not related to the rule to show cause**.

Points Five, Six and Seven of the Reply are not material or pertinent to this matter, but are prejudicial, and should be stricken.  Point Five seeks entry of a contempt finding without an evidentiary hearing—or, put more bluntly, without due process.  AGC and Congress argue that the time and resources of the Court and the parties should not be wasted.  But if time and resources were the crucial issues in every appeal, then procedural due process might as well be prohibited.  Point Five openly prejudices Chiplease and should be stricken.

Point Six lobbies for the freezing of Chiplease's and Mr. Greenblatt's assets.  Mr. Greenblatt is not even a subject of the rule to show cause, and thus, his assets are completely irrelevant and immaterial here.  AGC and Congress cannot unilaterally expand the scope of the rule to show cause.  Permitting this argument only causes prejudice and confuses the issues.

Finally, Point Seven of the Reply goes off the end of the pier.  AGC and Congress advocate finding Mr. Greenblatt in contempt.  This is outrageous.  Again, Chiplease--not Mr. Greenblatt--is the only subject of the rule to show cause.  Congress and AGC should not be permitted to drag Mr. Greenblatt into the contempt proceeding based on what appears to be pure spite.  Not only is such conduct immaterial and impertinent, but it is prejudicial. *Cumis Insurance Society*, 983 F.Supp. at 799 (striking allegation where prejudicial to the extent it confused the issue of two individuals' liability for misconduct)..

Conclusion

AGC and Congress seek to add new, impertinent and prejudicial issues to the contempt proceeding as well as duplicate arguments already raised by the Trustee. Accordingly, Points Three, Five, Six and Seven of their Reply should be stricken.

                           **CHIPLEASE, INC.**

         By:   /s/ Colleen E. McManus
                    One of its attorneys

Louis D. Bernstein, ARDC No. 6192379
Colleen E. McManus, ARDC No. 06243473
**Much Shelist Denenberg**
    **Ament & Rubenstein, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-521-2000