**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RESOURCE TECHNOLOGY CORP., ) | Case No. 08 C 4040 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  The Chapter 7 bankruptcy trustee of Resource Technology Corp. (RTC) moved for an order directing Chiplease, Inc. and Leon Greenblatt to show cause why they should not be held in criminal contempt. At the time the motion was presented, the Court stated (and later ordered) that it would consider the motion as seeking, in addition, a finding of civil contempt against Mr. Greenblatt. Having considered the parties' written submissions, the Court grants the trustee's motion in part and denies it in part. Specifically, the Court denies the trustee's request to initiate criminal contempt charges but orders Mr. Greenblatt to show cause why he should not be held in civil contempt. The Court also advises the parties that it will, upon proper presentation, entertain a request for additional coercive or remedial measures in connection with the Court's prior civil contempt finding against Chiplease.

### Background

  The trustee's motion concerns noncompliance with this Court's orders of July 18, 2008 and September 11, 2008. A summary of the relevant underlying bankruptcy court proceedings is needed to understand what led to the trustee's motion.

On March 14, 2006, the bankruptcy judge presiding over the Resource Technology Corp. bankruptcy case entered an order approving a settlement between the bankruptcy estate and Leon Greenblatt, Chiplease, Inc. and other related entities. Paragraph 23 of the order stated, in relevant part, as follows:

> 23. As more fully set forth in Paragraph 11 of the Settlement Agreement: (i) the Purchaser shall deposit the sum of $500,000.00 to be held in escrow by its counsel, Dykema Gossett PLLC, for the payment of all unpaid Chapter 7 operating expenses above $150,000.00 and any expenses incurred while the Estate continues to operate the Debtor's business[.]

Order of Mar. 16, 2006 ¶ 23. Paragraph 11 of the settlement agreement stated, in substance, that the estate would pay the first $150,000 in expenses incurred in operating the debtor's business during the Chapter 7 proceedings and that Chiplease would pay the rest. Paragraph 11 of the agreement, similar to paragraph 23 of the court's order, required Chiplease to deliver $500,000 to its legal counsel "prior to the Closing Date" to be used to pay those expenses. It provided that after the estate had paid $150,000 in operating expenses, the trustee would advise Chiplease in writing of its obligation to pay particular expenses; Chiplease would have seven days to comply or dispute payment; and the trustee would submit any disputes to the bankruptcy court for decision. *Id.*, Ex. A ¶ 11.

In the spring of 2008, via a series of filings, the bankruptcy court learned that Chiplease had not deposited $500,000 with its legal counsel prior to the closing date, as required by the incorporated provisions of paragraph 11 of the Settlement Agreement, and had not completed with paragraph 11's requirements for paying Chapter 7 operating expenses. On June 25, 2008, the bankruptcy court entered an

order directing Chiplease to deliver to the trustee, by July 17, 2008, $547,367.47, representing the original escrow amount of $500,000, plus $47,367.47 in interest from the date the original deposit should have been made.

Chiplease appealed, challenging both the requirement to deposit $500,000 and the inclusion of interest. It moved this Court for a stay of the bankruptcy court's order pending determination of the appeal. On July 18, 2008, the Court stayed the obligation to deposit interest but directed Chiplease to deposit $500,000 with its current legal counsel, in an interest-bearing account, by July 24, 2008. On July 21, 2008, the Court denied Chiplease's motion to reconsider the ruling.

After Chiplease failed to comply with this Court's July 18, 2008 order, the trustee sought a finding of civil contempt. On September 11, 2008, the Court entered an order in which it found Chiplease in civil contempt, directed it to deposit with the trustee's legal counsel $511,875.05 ($500,000 plus accrued interest and attorney's fees incurred by the estate), imposed a civil fine of $5,000 per each calendar day after September 11 that Chiplease failed to comply, and enjoined Chiplease from making other payments, dissipating its assets, and taking steps to impair its ability to pay.

Chiplease did not make the deposit required by the September 11 order. On September 15, 2008, the trustee filed the present motion for a rule to show cause. It asked the Court to direct Chiplease and Mr. Greenblatt, Chiplease's sole shareholder and officer, to show cause why they should not be held in criminal contempt. On September 18, the date the motion was presented in court, the Court stated that it would consider the motion as seeking findings of criminal and/or civil contempt as to Mr. Greenblatt.

3

**Discussion**

**1.    Preliminary points**

Mr. Greenblatt's response includes, in footnotes that are in type so small that one can barely read them, several apparent substantive and procedural objections to the trustee's motion. That is not a good way to bring points to a court's attention. The Court is tempted to say that all of Mr. Greenblatt's arguments contained only in footnotes are forfeited. *See, e.g., Williams v. General Electric Capital Auto Lease, Inc.*, 159 F.3d 266, 274 (7th Cir. 1998); *U.S. Dept. of Navy v. Federal Labor Rels. Auth.*, 975 F.2d 348, 352 n.1 (7th Cir. 1992). But the Court will nonetheless deal with two of these points, because they contain what may be understood as threshold objections to the trustee's motion. The other footnote arguments are deemed forfeited for present purposes.

In footnote two, Greenblatt expresses confusion over whether he is to address the possibility of civil contempt, criminal contempt, or both. It is difficult to take this seriously. In its motion, the trustee expressly sought a finding of criminal contempt. When the motion was presented in court, the Court proposed to treat it, as to Mr. Greenblatt, as seeking a finding of criminal contempt, civil contempt, or both. *See* Sept. 18, 2008 Tr. at 14-15. The docket entry for that date, which (as Mr. Greenblatt's able and experienced counsel know) is prepared by the courtroom deputy clerk, contained a scrivener's error, stating that the Court was treating the trustee's motion "as a motion for finding of civil contempt as to Greenblatt." Order of Sept. 18, 2008. Two business days later, the Court corrected the error, entering an order stating that the "entry of

4

9/18/2008 is amended to include that [the] motion is for finding of civil and criminal contempt as to Leon Greenblatt." Order of Sept. 22, 2008. There is nothing in the least bit confusing about this.

In footnote one of his response, Mr. Greenblatt suggests that the Court lacks personal jurisdiction over him because he is not a party to the proceedings. If Mr. Greenblatt is saying that he has not been formally served with process, the objection is premature. Process, in a contempt matter, is the Court's order to show cause, which the Court has not yet issued. If Mr. Greenblatt is suggesting that a non-party may not be held in contempt in connection with a party's noncompliance with a court order, he is wrong. As Mr. Greenblatt appears to acknowledge later in his brief, *see* Greenblatt Resp. at 8, a corporate official may be held in contempt if he prevents a corporation like Chiplease that is subject to a court order from complying with the order, causes it not to comply, or fails to take appropriate action to cause it to comply. *See, e.g., Wilson v. United States*, 221 U.S. 361, 376 (1911); *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003).

**2.    Criminal contempt**

The Court turns next to the trustee's request for issuance of a rule to show cause why Mr. Greenblatt and Chiplease should not be held in criminal contempt due to Chiplease's noncompliance with the two orders and Mr. Greenblatt's alleged involvement in that noncompliance.

Mr. Greenblatt does not question the Court's authority to initiate a charge of criminal contempt. The Supreme Court held in *In re Murchison*, 349 U.S. 133 (1955),

5

that it violates the Constitution's Due Process Clause for a judge to initiate, prosecute, and adjudicate a charge of indirect criminal contempt – that is, contempt that occurred outside the judge's presence. That said, it appears to be settled that a judge may initiate a charge of indirect contempt, so long as the judge does not also prosecute the charge. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 793 (1987) (indirect criminal contempt case involving violation of an injunction; "it is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders"); *see also* Fed. R. Crim. P. 42(a)(1). In such a case, the court may not prosecute the charge itself but rather must request that an attorney for the government do so (or another attorney, if the government declines), and the accused is entitled to a jury trial "in any case in which federal law so provides." *Id.* 42(a)(2) & (3).

The first question is what standard governs the Court's determination of the trustee's request to initiate criminal contempt proceedings. The law, as both sides acknowledge, is less than clear. Mr. Greenblatt argues that the Court should insist on a showing of probable cause and that this is lacking in the trustee's submissions. The trustee argues that probable cause is not required. He does not, however, suggest an alternative standard in either his motion or his reply brief, other than by saying that the Court should determine "the propriety of having a hearing" – which is the equivalent of no standard at all – and should provide Mr. Greenblatt with fair notice of the basis for the charge if it chooses to initiate one.

Issuance of a rule to show cause in this situation amounts to initiation of a criminal charge. And contempt is, or at least can be, a very serious criminal charge.

6

There is no statutory limit on a court's sentencing power in a case of criminal contempt, so long as the matter is tried to a jury – an entitlement the defendant has unless the court limits the possible sentence to no more than six months imprisonment. *See, e.g., United States v. Dixon*, 509 U.S. 688, 724 n.2 (1993); *Frank v. United States*, 395 U.S. 147 (1969); *Codispoti v. Pennsylvania*, 418 U.S. 506 (1974). Because the Court is not now in a position to impose such a limit, it proceeds on the assumption that a criminal contempt charge against Mr. Greenblatt might be punishable by a prison term of more than one year – in other words, it might be a felony.

When a person is accused of a felony in federal court, he is ordinarily entitled to a judicial determination of probable cause via a preliminary hearing, unless he is indicted by a grand jury, which likewise would determine whether to initiate charges based upon whether there has been a showing of probable cause. *See* Fed. R. Crim. P. 5.1(a); *Ex parte United States*, 287 U.S. 241, 249 (1932). When a judge initiates a charge of criminal contempt, when he effectively bypasses these protections. Despite the absence of a statute or rule requiring a probable cause determination, prudence, and due regard for the burdens that a criminal charge imposes upon an accused, suggest that a judge should assess whether probable cause exists before deciding whether to initiate a criminal contempt charge. The alternative suggested by the trustee – which, as the Court has noted, amounts to no standard at all – is unsatisfactory. Standardless processes breed arbitrary decisions. *Cf. Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1063 (2007) (standards for imposition of punitive damages in civil cases).

7

The Court therefore assesses whether the trustee has made a showing of probable cause. A finding of criminal contempt requires proof of willful disobedience of a court order. *See United States v. Simmons*, 215 F.3d 737, 741 (7th Cir. 2000); *United States v. Mottweiler*, 82 F.3d 769, 771 (7th Cir.1996); *see also,* 18 U.S.C. § 402. Willfulness, as the Seventh Circuit defined it in *Mottweiler*, includes criminal recklessness, that is, a state of mind in which the actor consciously disregards a substantial risk that the prohibited event will come to pass. *Mottweiler*, 82 F.3d at 771. In ths present situation, a finding that Mr. Greenblatt willfully caused Chiplease not to comply with the Court's orders likely would require (among, perhaps, other things) evidence that he caused Chiplease to dispose of assets that could have been used to comply with the order, expended its assets for other purposes, diverted assets that the entity otherwise would have received, or the like. At the present stage, of course, the Court assesses only whether probable cause exists, not whether the trustee has proven or could prove guilt beyond a reasonable doubt.

The trustee has offered some evidence that earlier in 2008, Chiplease had significant assets available that, for whatever reason, it chose not to deposit into the escrow account ordered by the bankruptcy court. But in the present proceeding, this Court is dealing only with the issue of noncompliance with its own orders of July 18 and September 11, 2008, not noncompliance with the bankruptcy court's earlier order. Aside from evidence indicating generally that Greenblatt controls Chiplease's finances, the trustee has offered no evidence that during the post-July 17 or post-September 11 periods relevant to the present inquiry, Chiplease had (or, absent diversion, would have had) assets available to comply with the Court's orders in whole or in part. Under the

8

circumstances, the Court is unable to determine that probable cause for a finding of criminal contempt exists.[1]

**3.      Civil contempt**

Before a court can find a person to be in civil contempt for failing to obey a court order, the complaining party must prove by clear and convincing evidence that the person was not reasonably diligent and energetic in attempting to accomplish what the court ordered.  *See United States v. Berg*, 20 F.3d 304, 311 (7th Cir. 1994).  As is the case with regard to criminal contempt, however, the standard for issuing an order to show cause in the civil contempt context is unclear.  *See, e.g., CFTC v. Velazquez*, No. 04 C 5853, 2007 WL 1673218, *2 (N.D. Ill. June 6, 2007).  In the absence of any binding authority, the Court believes that it ought to be sufficient to initiate a civil contempt proceeding against a non-party if there has been a showing of a party's non-compliance with a court order and enough evidence of the non-party's involvement to call for further inquiry – in other words, something along the lines of a *prima facie* showing.

Whatever the standard, the trustee has made the necessary showing with regard to Mr. Greenblatt.  It is unquestioned that Chiplease has failed to comply with either of the orders at issue.  And an affidavit submitted by Mr. Greenblatt himself in earlier proceedings in the case reflects his control over Chiplease's finances.  Because a corporation acts only through individuals, Mr. Greenblatt's apparent control over the Chiplease's finances is sufficient to call for further inquiry into whether he should be

---

[1] This decision is not intended, of course, to preclude the United States government from investigating or initiating criminal contempt charges.

held responsible for the entity's noncompliance with the Court's orders.

Finally, the Court notes that although the coercive sanction the Court previously imposed upon Chiplease after finding it to be in civil contempt has not resulted in compliance with the Court's orders, further coercive and/or remedial action vis-a-vis Chiplease may be appropriate – such as, for example, appointment of a receiver to assume control of Chiplease and thereby force compliance with the Court's orders. The Court leaves it to the trustee in the first instance to determine whether pursuing relief along these lines is an appropriate use of his and the estate's resources.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part the trustee's motion for a rule to show cause [docket no. 45]. Leon Greenblatt is ordered to show cause, in writing, by no later than January 7, 2009, why he should not be held in civil contempt in connection with Chiplease, Inc.'s noncompliance with this Court's orders of July 18, 2008 and September 11, 2008. The trustee's counsel is reminded that this order must be served upon Mr. Greenblatt, either directly or via his counsel if counsel agrees to accept service. The matter is set for a status hearing on January 12, 2009 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 23, 2008