**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                                         )
RESOURCE TECHNOLOGY CORP.,     )
                                                    )          Case No. 08 C 4040
                    Debtor.                  )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The case is before the Court on the bankruptcy trustee's request to hold Leon Greenblatt in civil contempt for causing Chiplease, Inc. (which the Court previously held in contempt) not to comply with the Court's orders of July 18, 2008 and September 11, 2008. Familiarity with prior proceedings is assumed. *See In re Resource Technology Corp.*, No. 08 C 4040, 2008 WL 5411771, at *1-2 (N.D. Ill. Dec. 23, 2008).

The Court entered the orders in question in the course of Chiplease's appeal from the bankruptcy court's order of June 25, 2008, in which that court directed Chiplease to deposit $547,367.47 with the trustee by July 17, 2008. Chiplease filed a notice of appeal on July 1, 2008 and then filed a motion for a stay pending appeal. On July 18, 2008, this Court granted Chiplease's motion in part. The Court stayed only the obligation to deliver the portion of the bankruptcy court's order that consisted of interest – $47,367.47 – but directed Chiplease to deposit $500,000 in an interest-bearing account to be held by Chiplease's counsel of record (rather than by the trustee), by July 24, 2008. The Court's September 11, 2008 order found Chiplease in contempt for failing to comply with the July 18 order and, among other things, directed the company to deposit $511,875.05 with the trustee's legal counsel, consisting of $500,000 plus

accrued interest since July 18. Chiplease has not complied with either order, in whole or in part.

The Court may hold Greenblatt in contempt in connection with the two orders only if the trustee has proven by clear and convincing evidence that Greenblatt caused Chiplease not to comply with one or both of the orders or did something to prevent Chiplease from complying. The trustee's case depends on a finding that Chiplease had assets available that would have enabled it to comply with the orders, at least in part, and that Greenblatt did something to dissipate, transfer, or encumber those assets or simply declined to apply them in satisfaction of the Court's orders.

The trustee has proven by clear and convincing evidence that Greenblatt, and Greenblatt alone, was in control of Chiplease and its bank accounts and other assets. In addition, records admitted in evidence at the contempt hearing reflect the following receipts by Chiplease in the week immediately preceding the July 18 order (rounded to the nearest dollar):

| DATE | AMOUNT |
| --- | --- |
| 7/11/08 | $555,000 |
| 7/14/08 | 5,500 |
| 7/17/08 | 7,060 |
| 7/18/08 | 3,343 |
| 7/23/08 | 5,600 |
| TOTAL: | $576,503 |

The same records reflect the following disbursements by Chiplease within the same period:

| DATE | AMOUNT |
|---|---|
| 7/11/08 | $389,534 |
| 7/14/08 | 5,500 |
| 7/16/08 | 79,868 |
| 7/17/08 | 95 |
| 7/18/08 | 2,000 |
| 7/21/08 | 57,083 |
| 7/23/08 | 5,600 |
| 7/24/08 | 5,000 |
| TOTAL: | $544,680 |

The records reflect that disbursements of "funds held for / due others" were made to persons or entities described in the records as Fairfield St. Croix ($228,000 on 7/11/09, $10,000 on 7/16/08, and $34,000 on 7/21/08); Banco PSP ($65,000 on 7/11/08); and "LAG" - which appear to be Mr. Greenblatt's initials - ($8,024 on 7/11/08, $8,984 on 7/16/08, and $1,000 on 7/24/08). This adds up to $355,008. The remaining disbursements of just under $190,000 are unexplained in the records provided. Again, the trustee has proven by clear and convincing evidence that Greenblatt, and Greenblatt alone, caused these disbursements.

As of July 11, 2008, Chiplease had sufficient funds to comply with the bankruptcy court's June 25 order. But noncompliance with the bankruptcy court's June 25 order is not the basis for the current contempt proceedings; rather, the proceedings concern noncompliance with this Court's July 18 order. An argument could be made that by disbursing around $475,000 between July 11 and July 17, Greenblatt took steps

3

that anticipatorily prevented Chiplease from complying with the not yet entered, but at least arguably contemplated, July 18 order by this Court. But as best as the Court can determine, there is no such thing as anticipatory contempt. *See United States v. Bryan*, 339 U.S. 323, 341 (1950) (criminal contempt case). Though *Bryan* arises from a context that differs significantly from the events surrounding this Court's July 18 order, the same principle applies here. Contempt may be based only on conduct that occurs after the court order allegedly violated. *See United States v. Landsberger*, 692 F.2d 501, 504 (8th Cir. 1982) ("if the act was committed before the injunction was entered, it could not have violated the injunction."); *SEC v. Current Financial Servs., Inc.*, 798 F. Supp. 802, 806 (D.D.C. 1992). Though the Court has found no Seventh Circuit case dealing with this point, *Landsberger* and *Current Financial Services* are consistent with Seventh Circuit decisions making it clear that contempt is available only for violation of a reasonably clear and specific court order. *See, e.g., Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008).

The trustee has shown by clear and convincing evidence, however, that Greenblatt caused Chiplease to disburse $67,000 to himself or others after July 18, 2008. By so doing, Greenblatt knowingly prevented Chiplease from complying in part with the Court's July 18 order. Based on the record before the Court, none of the other payments that Greenblatt caused Chiplease to make involved an obligation that had a higher priority, from a legal standpoint, than Chiplease's obligation to comply with this Court's order. Because he knowingly prevented Chiplease from at least partially complying with this Court's clear and specific directive, Greenblatt himself is in

4

contempt of court.  *See, e.g., Wilson v. United States*, 221 U.S. 361, 376 (1911); *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003).

The next question concerns the appropriate sanction.  "'Civil contempt sanctions are designed for the dual purpose of compelling compliance with a court order and compensating the complainant for losses caused by contemptuous actions.'"  *Autotech Techs. LP v. Integral Research and Devel. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007) (quoting *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005)).  Sanctions for civil contempt may include a compensatory fine, payable to the injured party, equivalent to the amount of the actual loss, as well as reimbursement of the injured party's reasonable attorney's fees and expenses incurred in enforcing the underlying court order.  *See, e.g., South Suburban Housing Center v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999); *see also Tranzact Techs.*, 406 F.3d at 855.

The Court imposes upon Greenblatt a compensatory fine, payable to the trustee, in the amount of $67,683, plus $2,030, representing three percent simple interest from July 18, 2008 through July 18, 2009 (the anticipated date for entry of judgment), for a total of $69,713.  The Court also imposes upon Greenblatt the obligation to pay the trustee's reasonable attorney's fees and expenses in an amount to be determined.  The Court's final judgment will set a date certain for Greenblatt's compliance.[1]  The trustee is directed to file, by no later than July 6, 2009, a detailed statement of its reasonable

---

[1]  The Court wishes to make it clear that if Greenblatt does not pay the fine by the due date, the Court will not hesitate to take further steps, if appropriate, to coerce compliance with the contempt judgment.

5

attorney's fees and expenses incurred in attempting to enforce this Court's order of July 18, 2008. Greenblatt is directed to respond to the trustee's submission by no later than July 13, 2009. The matter of attorney's fees is set for ruling on July 16, 2009 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 29, 2009